### FOURTH DEPARTMENT, MAY, 1972

### (May 18, 1972)

■ JOHN W. WRIGHT, Respondent, v. STATE OF NEW YORK et al., Appellants. (Claim No. 39653.) — Judgment unanimously modified on the law and facts in accordance with memorandum, and as so modified affirmed, with costs to claimant. Memorandum: The State of New York and the Power Authority of the State on January 20, 1960 appropriated 10.91 acres of claimant's 68 acre parcel of land situated at the northwest corner of highway Route 31 and Wayneport Road in the Town of Macedon, New York. The appropriation consisted of an easement 300 feet wide beginning at the southwest corner of claimant's land where it fronts on Route 31, and running northeasterly to Wayneport Road, the southerly line of the easement at Wayneport Road being about 700 feet north of the intersection of Route 31 and Wayneport Road. The trial court awarded to claimant the sum of $34,014 for the appropriated area and the additional sum of $3,880 for consequential damages arising from the fact that at each end of the appropriated area, on the south side thereof near the respective highways, a small pie-shaped parcel was left which was rendered of little use and hence of little value. The appraisers for claimant and the State agreed that the easement embraced 90% of the value of the appropriated area. The trial court, however, awarded to claimant 100% of the value which he found for the property. ¶ On this appeal claimant joins in appellants' contention that only 90% of the value of

the appropriated property should be awarded to claimant, and consents that the award therefor of $34,014 be reduced to the extent of 10% or by the sum of $3,401.40. ¶ Appellants contend that the award of $34,014 was otherwise excessive. In evaluating the appropriated property the appraisers and the court considered its value in three segments, namely, the part lying in the commercial zone along Route 31, the part fronting on the west side of Wayneport Road and the remaining portion lying between those two segments. The court placed the value of $4,800 per acre on 3.67 acres lying in the commercial zone and the value of $3,270 per acre on 1.51 acres fronting on Wayneport Road. These values are well within the range of testimony with respect to these areas. The court placed the value of $2,000 per acre on the remaining 5.73 acres lying between the above two segments. The evidence of the value of the 5.73 acres is less clear than that of the other portions; but in view of the closeness of this segment to the other portions, with access to two highways, its industrial zoning and the availability to it of public utilities, and, further, in view of the State's appraiser's admission that claimant's property had a substantially greater potential value than that of the nearby Kordite property, one of the comparables, we conclude that the record supports the court's finding that said third segment was worth $2,000 per acre. ¶ Appellants do not question the fact that claimant has suffered consequential damage, but contend that the court was in error in computing the damage at $3,880. We find no error in this respect. ¶ The award of $34,014 for the appropriated property should, therefore, be reduced to the sum of $30,612.60, and claimant should have judgment therefor plus the sum of $3,880 for consequential damage, together with interest on the awards and costs. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Henry, JJ.